UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 10-40007-02-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER DENYING MOTIONS |
| JAMES MICHAEL WILBOURN, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant, James Michael Wilbourn, moves for relief from his criminal judgment under Federal Rule of Civil Procedure 60(b)(1), and for modification or reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). The United States resists Wilbourn's motions, arguing that Rule 60(b) does not apply to criminal actions and that 18 U.S.C. § 3582(c)(2) does not apply in this case.

**BACKGROUND**

On October 20, 2010, a jury convicted Wilbourn of conspiracy to distribute 50 grams or more of cocaine base (crack cocaine for the time period of late 2008 to August 2009). During his sentencing hearing on January 13, 2011, Wilbourn objected to the drug quantity calculation contained in the presentence report (PSR). The court found that Wilbourn's conduct involved a lower quantity of drugs than the quantity found by the jury, and ordered that the PSR be updated. The sentencing was continued until September 9, 2011, when Wilbourn was sentenced to 41 months in prison based on a quantity of 4.87 grams of crack cocaine. The Eighth Circuit affirmed the conviction and sentence. *United States v. Wilbourn*, 478 F. App'x 332 (8th Cir. 2012). On

October 29, 2012, Wilbourn moved to vacate his sentence pursuant to 28 U.S.C. § 2255. The court denied that motion on August 28, 2013.

**DISCUSSION**

In the Rule 60(b)(1) motion, Wilbourn argues that his criminal judgment is void because inadvertence, surprise, or excusable neglect kept him from objecting to the drug amounts in paragraphs 8 and 13 of the PSR, which included the remaining amount of crack cocaine this court attributed to Wilbourn. Wilbourn fails to cite any authority indicating that Rule 60 of the Federal Rules of Civil Procedure provides a basis for relief from a judgment in a criminal case.

Even if Rule 60(b) were applicable, Wilbourn is not entitled to relief. First, the record shows that Wilbourn's lawyer made a written objection to paragraph 13 on December 23, 2010, and argued in favor of that objection at the first sentencing hearing on January 13, 2011. The court ruled that trial testimony supported the information in paragraph 13 and overruled the objection. *See* Docket 206 at 11. Accordingly, Wilbourn is not entitled to relief from the judgment based on a failure to object to paragraph 13 of the PSR. Second, at the second sentencing hearing, Wilbourn's lawyer moved to strike all of paragraph 8 from the PSR, but the court held the request was untimely. An objection to paragraph 8, however, would have been overruled. Paragraph 8 of the PSR addresses the drug quantity of crack cocaine sold during a

controlled buy at Roy Watkins's apartment on July 20, 2009.[1] Everyone

agreed Wibourn was present during the controlled buy at Roy Watkins's

apartment on July 20, 2009, and his voice is on the recording. Once the jury

determined Wilbourn was guilty of conspiracy to distribute cocaine base,

there was no basis to challenge the drug amount in paragraph 8. Had it been

timely, the objection to paragraph 8 would have been overruled, and Wilbourn

is not entitled to relief from his criminal judgment based on a failed objection

to paragraph 8 of the PSR.

In his motion for a sentence reduction under 18 U.S.C. § 3582(c),

Wilbourn argues that the court has authority to reduce his sentence in light

of *Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012). In *Dorsey*, the

Supreme Court held that the more lenient penalties of the Fair Sentencing Act

of 2010, which reduced the crack-to-powder cocaine disparity from 100–to–1

to 18–to–1,[2] applied to offenders who committed a crack cocaine crime before

---

[1] The original drug quantity in paragraph 8 was 1.2 grams, but it was later reduced to 0.87 grams because, prior to the second sentencing hearing, Wilbourn's lawyer realized the chemist's analysis was wrong, and the actual amount was 0.87 grams instead of 1.2 grams. The probation officer was notified and the PSR was adjusted to reflect the correct quantity.

[2] In 2010, Congress enacted the Fair Sentencing Act into law. The Act increased the drug amounts triggering mandatory minimums for crack cocaine trafficking offenses. The change had the effect of lowering the 100–to–1 crack-to-powder ratio to 18–to–1. The Fair Sentencing Act took effect on August 3, 2010. The Sentencing Commission promulgated conforming emergency sentencing guideline amendments that became effective on November 1, 2010. 75 Fed. Reg. 66188 (2010). A permanent version of those guideline amendments took effect on November 1, 2011. *Dorsey*, 132 S. Ct. at 2329.

the effective date of the Act, August 3, 2010, but who were sentenced after that date. Wilbourn was sentenced in September 2011, after the effective date of the Act, for conduct that occurred prior to its enactment. Therefore, the Fair Sentencing Act applies to Wilbourn. Wilbourn, however, was sentenced under the guidelines produced by the Act, which placed him at an offense level of 16 for 4.87 grams of crack cocaine.[3] Accordingly, Wilbourn is not entitled to a sentence reduction under 18 U.S.C. § 3582(c).

Finally, Wilbourn argues for a mitigating role reduction. Wilbourn's request for such a reduction was considered but rejected by the court at sentencing. *See* Docket 208 at 9–14. It will not be relitigated here. It is therefore

ORDERED that the motion for relief from judgment (Docket 223) and the motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) (Docket 224) are denied.

Dated October 30, 2013.

BY THE COURT:


/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

---

[3] At the time of Wilbourn's sentencing, the prosecutor had asked the court to follow the Department of Justice's new policy view that the Fair Sentencing Act was retroactive to offense conduct that occurred before enactment of the Act, as long as sentencing was completed after the Act became law. The court honored that request and applied the new sentencing guidelines that conformed to the Fair Sentencing Act.